

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

December 13, 1957

Honorable James A. Turman　　　Opinion No. WW-310
Acting Executive Director
Texas Youth Council　　　　　　Re: Are the receipts of reimburse-
213 West 14th Street　　　　　　　ments for materials and sup-
Austin, Texas　　　　　　　　　　plies used in providing barber
　　　　　　　　　　　　　　　　　and cosmetology service to em-
　　　　　　　　　　　　　　　　　ployees under the provisions of
　　　　　　　　　　　　　　　　　Section 9a of Article II, House
　　　　　　　　　　　　　　　　　Bill 133, Acts 55th Legislature,
　　　　　　　　　　　　　　　　　Regular Session, 1957, Chapter
　　　　　　　　　　　　　　　　　385, page 927, reappropriated,
　　　　　　　　　　　　　　　　　and are these receipts to be
　　　　　　　　　　　　　　　　　deposited to the appropriation
　　　　　　　　　　　　　　　　　account from which such mater-
Dear Dr. Turman:　　　　　　　　　ials and supplies are purchased?

　　　　You have requested an opinion of this office in which
you pose the following questions relative to the provisions of
Section 9a of Article II of House Bill 133 of the 55th Legisla-
ture:

　　　　"1. Are receipts from materials or supplies
used in providing barber and cosmetology service
for employees reappropriated?

　　　　"2. If the answer to the above question is
in the affirmative, are these receipts to be de-
posited to the appropriation account from which
such materials or supplies are purchased?

　　　　Section 9a of Article II, House Bill 133, 55th Legis-
lature, reads as follows:

　　　　"a. _Barbers and cosmetologists paid from_
_appropriations made in this Article may perform_
_services for the employees of the institutions_
_and charge for them, provided the work is done af-_
_ter their assigned working hours and the State is_
_reimbursed for the materials or supplies used._
_Rates of charges shall be approved by the govern-_
_ing boards._ Receipts collected under this sub-
section are to be deposited in the appropriation
account from which such materials or supplies are

purchased, and are hereby reappropriated for expenditure." (Emphasis ours)

Section 35 of Article III of the Constitution of Texas provides in part:

"Sec. 35. No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. . . ."

It is our opinion that the underscored portion of Section 9a of Article II of House Bill 133 does not detail, limit or restrict the use of funds appropriated in House Bill 133 but provides the authority for the expansion of services which are not now authorized. We believe that Section 9a is a proper "subject" of general legislation, and therefore, falls within the requirements of Section 35 of Article III of the Constitution of Texas.

This being so, we believe that Attorney General's Opinions No. WW-96 (1957) and No. WW-265 (1957) and the authorities cited therein, require us to hold that Section 9a of Article II of House Bill 133 is invalid and that, therefore, the procedure authorized by this Section may not be legally made operative.

For this reason, it becomes unnecessary for us to answer either of the two questions posed relative to the remaining provisions of Section 9a of Article II, House Bill 133.

SUMMARY

Section 9a of Article II of House Bill 133, Acts 55th Legislature, Regular Session, 1957, Chapter 385, page 927, is a proper "subject" of general legislation and is, therefore, invalid under the provisions of Section 35 of Article III of the Constitution of Texas.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Wayland C. Rivers Jr.*

Wayland C. Rivers, Jr.
Assistant

WCR:pf:jl:wb

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
John Minton
B. H. Timmins, Jr.
Fred Werkenthin

REVIEWED FOR THE ATTORNEY GENERAL

BY:  James N. Ludlum